1  RILEY A. CLAYTON
   Nevada Bar No. 005260
2  rclayton@lawhjc.com

3  **HALL JAFFE & CLAYTON, LLP**
   7425 PEAK DRIVE
4  LAS VEGAS, NEVADA 89128
   (702) 316-4111
5  FAX (702)316-4114

6  Attorneys for Defendant,
   State Farm Mutual Automobile Insurance Company
7

8  **UNITED STATES DISTRICT COURT**

9  **DISTRICT OF NEVADA**

10 LISA STAGNER,

11              Plaintiff,                    CASE NO.: 2:15-cv-00030-JCM-GWF

12 v.

13 STATE FARM MUTUAL AUTOMOBILE          **STIPULATION AND ORDER FOR**
   INSURANCE COMPANY; DOES I through     **DISMISSAL WITH PREJUDICE AND**
14 X; and ROE CORPORATIONS, XI through   **AGREEMENT FOR PRIVATE BINDING**
   XX, inclusive,                        **ARBITRATION**
15
                Defendants.
16

17

18         This Stipulation and Order of Dismissal With Prejudice and Agreement for Private and Binding

19 Arbitration (hereinafter "Agreement") is entered into by Plaintiff, Lisa Stagner ("Plaintiff"), and

20 Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), (collectively referred to

21 as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from an

22 January 10, 2012, automobile accident and subsequent claims handling, which culminated in a lawsuit

23 styled *Lisa Stagner v. State Farm Mutual Automobile Insurance Company, et al,* currently pending in the

24 United States District Court, District of Nevada, Case No. 2:15-cv-00030-JCM-GWF.  Plaintiff is

25 represented by Law Office of William Kerry Skaggs.  State Farm is represented by Hall Jaffe & Clayton,

26 LLP.

27         The following terms and conditions of this Agreement will become effective upon the signature

28 by the Parties and the execution and filing of the same by this Court.

1.       State Farm issued an policy of automobile insurance, Policy No. 274741828K, which provides, among other coverages, uninsured motorist ("UIM") coverage, subject to all terms, conditions, limitations of the policy and any applicable offsets.

2.       In an effort to resolve all disputes and controversies between the Parties arising out of and relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to place this matter into private binding arbitration, with all damages capped against State Farm at $49,000, which is the remaining amount of UIM coverage available under State Farm's "each person" UIM policy limit after all applicable offsets, and Nevada law.

3.       For and in consideration of the mutual covenants and promises made herein, the Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

4.       The Parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of all of Plaintiff's claims against State Farm, which in any way arise out of or relate to the January 10, 2012, accident, and subsequent claims handling or decision making.  This clause and mutual promise is of the essence to this Agreement.  The arbitrator's decision and award shall be the sole basis for recovery on these claims and shall be final and binding.  The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial court, court of appeals, the Nevada Supreme Court, or to any other court, forum, person or entity, or the arbitrator himself.  Likewise, the Parties agree that there shall be no right to submit a Motion for Reconsideration or similar or equivalent motion or request to the arbitrator.

5.       The arbitrator shall _not_ be informed concerning the "range of award" (discussed below) that the Parties have agreed upon.  The arbitrator will _only_ be asked to resolve the issue of Plaintiff's legal entitlement, if any, to UIM proceeds, subject to all terms, conditions, and offsets under the policy and Nevada law.  In other words, the arbitrator shall determine fault for the accident (and apportion it appropriately, if necessary), and the extent of Plaintiff's damages by placing a fair and equitable total value (which includes medical specials, other special damages, and general damages) on the Plaintiff's claim, and the application of any of the policy's terms, offsets, conditions and exclusions, if applicable.  The arbitrator will not be asked to and will not consider any alleged claims handling/decision-making

issues or liability for extra-contractual claims, including, but not limited to, breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, or liability for punitive or other extra-contractual damages, as such extra-contractual claims and damages, have been and are expressly waived by Plaintiff and dismissed by this Agreement.

6. The Parties have jointly selected Greg Hafen, Esq., to serve as the single arbitrator of this case.

7. Plaintiff, through this Agreement, agrees to dismiss his present lawsuit with prejudice that is currently on file in the United States District Court, District of Nevada, with each party to bear its own fees and costs.

8. The Parties shall advise the arbitrator of an agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and to the arbitrator. The Parties shall be allowed to conduct any reasonable discovery permitted under the Nevada Rules of Civil Procedure, although discovery on State Farm's claims handling and decision-making will not be within the scope of such discovery in light of the dismissal of the extra-contractual claims. The arbitrator shall resolve any and all discovery disputes, including the scope of permitted discovery. Subpoenas can be issued and enforced pursuant to NRS 38.233. Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

9. The arbitration hearing will be held at a mutually agreed upon date. Discovery deadlines and the arbitration hearing may be extended upon a showing of good cause.

10. The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The parties may submit and the arbitrator may consider any and all disclosed medical records and written expert reports in lieu of live expert testimony.

11. Regarding the Plaintiff's contractual UM claim against State Farm, the "range of award" herein shall be set at a $0.00 "low" and capped at a $49,000 "high." The "high" derives from the potential payment of the entire amount of the UIM policy limit after all potential offsets. In this case, for example, State Farm is entitled to $26,000 in offsets, which derive from $25,000 paid by the tortfeasor's

1  insurance carrier, and $1,000 that State Farm paid under the UIM policy as its initial offer in this case.

2         12.     The only manner in which State Farm would be obligated to pay any UIM money is if the arbitrator concludes that the total value of Plaintiff's claim exceeds $26,000. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim was only $20,000, then State Farm would not be required to pay any UIM proceeds. By way of a second example, if the arbitrator were to conclude that the total value of Plaintiff's claim was $50,000, then State Farm would be obligated to pay $24,000 in new UIM money.

       13.     **The maximum that State Farm would ever be required to pay Plaintiff under this Agreement is $49,000, which is the remaining available amount under the UIM "each person" policy limit**. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim was $100,000, then State Farm would only be obligated to pay Plaintiff the "high" of the range of award, which is $49,000 in new UIM money. State Farm would **not be required** to pay any amount that exceeds $49,000, and in such a circumstance, the excess award beyond the applicable offsets and the "high" against State Farm would automatically be reduced to $49,000.

       14.     The arbitrator shall not be permitted to make an award of attorney fees, legal costs, or interest to any party. An Offer of Judgment will have no effect.

       15.     Payments of the sum awarded, as limited by the parameters set forth herein, shall be made no later than 20 days after service of the arbitrator's decision.

       16.     The Parties agree to equally share and pay for the arbitrator's fees and costs.

       17.     This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

18. The terms and conditions of this agreement may be modified upon the written and mutual agreement of the parties.

19. State Farm's agreement to submit this matter to private binding arbitration does not constitute any waiver/estoppel regarding State Farm's ability to decline private binding arbitration in other cases. Moreover, State Farm's agreement to submit this matter to private binding arbitration does not constitute evidence of and cannot be used as evidence to suggest that State Farm maintains any sort of a policy, practice, procedure of allowing cases to be submitted to private binding arbitration for potential resolution or for any other purpose.

DATED this 12th day of February, 2015.

HALL JAFFE & CLAYTON, LLP

By:  /s/ Riley A. Clayton
Riley A. Clayton, Esq.
Nevada Bar No. 005260
7425 Peak Drive
Las Vegas, Nevada 89128
Attorney for Defendant

DATED this 12th day of February, 2015.

LAW OFFICE OF WILLIAM KERRY SKAGGS

By:  /s/ Genevieve Romand
William Kerry Skaggs, Esq.
Nevada Bar No. 005782
Genevieve Romand, Esq.
Nevada Bar No. 013235
808 S. Seventh Street
Las Vegas, NV 89101
Attorneys for Plaintiff

***O R D E R***

**IT IS SO ORDERED**

Dated: February 18, 2015

_____
UNITED STATES DISTRICT COURT JUDGE